IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSHUA CARL LEE SUGGS, )<br>)<br>Defendant. ) | Case No. 8:14CR114<br><br>ORDER |

This matter is before the court on the defendant Joshua Carl Lee Suggs' Notice of Mental Condition (#14) and the government's Motion for Pretrial Psychiatric and/or Psychological Examination Pursuant to 18 U.S.C. § 4241 and § 4242 (#16). The motion was first heard on April 24, 2014. The court found, in its Order (#20) that, pursuant to law, the defendant should be committed to the custody of the Attorney General for placement in a suitable facility to be examined for a reasonable period of time, not to exceed thirty days, to determine whether he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The court further ordered that a psychiatric or psychological report be filed with copies provided to counsel.

On November 3, 2014, hearing on the motion was held. The government was represented by Donald Kleine, Assistant United States Attorney. The defendant was present and represented by James M. Davis.

The court received plaintiff's Exhibit 1, the Forensic Evaluation and Exhibit 2, Forensic Evaluation Addendum, of September 25, 2014. The diagnostic impression of Dr. Tiffany K.

Brown, a clinical/forensic psychologist, conclude the defendant demonstrated an adequate ability to understand the nature and consequences of court proceedings and a sufficient ability to properly assist counsel in his defense.   The defendant offered no evidence.

After reviewing the evidence, I find that the government has proved by a preponderance of the evidence that the defendant, Joshua Carl Lee Suggs, is competent.

**IT IS ORDERED:**

1.  The defendant, Joshua Carl Lee Suggs, is found to be competent as he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense, pursuant to 18 U.S.C. § 4241 and § 4242.

2.  The case will be progressed by separate order.

3.   A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order.  The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 3rd day of November, 2014.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge